IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert O'Shields, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:24-cv-6272-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden of Tyger River, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Robert O'Shields' ("Petitioner" or "O'Shields") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on October 31, 2024. (ECF No. 1.) On March 24, 2025, Respondent filed a motion for summary judgment, to which Petitioner filed a response. (ECF Nos. 28, 35.) Respondent filed a reply on June 3, 2025. (ECF No. 36.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On December 15, 2025, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's § 2254 petition. (ECF No. 41.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. After being granted an extension of time, Petitioner filed objections on February 3, 2026, and Respondent filed a reply on February 24, 2026. (ECF Nos. 46, 50.) For the reasons set forth below, the Court overrules Petitioner's objections, adopts and specifically incorporates the Magistrate Judge's Report, and grants Respondent's motion for summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I. Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule that contradicts the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done when faced with a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.     Exhaustion and Procedural Bar

Before a Petitioner can obtain relief under § 2254, he must first clear a series of

3

procedural hurdles. For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief on the merits of a claim.[1] *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In other words, to exhaust a federal habeas corpus claim, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (citation and internal quotation marks omitted). This means that a petition must present the claim to the state court "face-up and squarely." *Id.* Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." *Id.* (internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default–often referred to as a procedural bar–one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement

---

[1] The exhaustion requirement exists to promote comity within our federal system. As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

would now find the claims procedurally barred." *Mahdi*, 20 F.4th at 892 (quoting *Breard*, 134 F.3d at 619) (internal quotation marks omitted). Another way procedural default occurs is when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard*, 134 F.3d at 619.

Nevertheless, because the requirement of exhaustion is not jurisdictional, in very limited circumstances a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a miscarriage of justice because the petitioner is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive

disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## III. Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the

6

challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

> Additionally, as the Supreme Court explained in *Harrington v. Richter*:
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential,"[ ], and when the two apply in tandem, review is "doubly" so [ ]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. [ ] Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

562 U.S. 86, 105 (2011) (internal citations omitted). "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Ultimately, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

IV.     **The Magistrate Judge's Findings**

In her Report, the Magistrate Judge carefully and thoroughly summarized the procedural history and the relevant facts. (ECF No. 41 at 1-10.) Indeed, the Magistrate Judge set forth in full the findings of fact and conclusions of law issued by the state court when denying Petitioner's post-conviction relief ("PCR") application. (*See id.* at 3-9 (quoting App. 152-60).)

The Magistrate Judge then set forth, verbatim, Petitioner's claims in this action. (*Id.* at 10-11 (quoting ECF No. 1 at 5-8).) As the Magistrate Judge explained, Petitioner

7

alleges three grounds in his petition. First, he alleges that the PCR court erred in finding that he failed to show he was incompetent at the time of his guilty plea despite the fact that he had a mental breakdown just before he was brought in to enter his plea. Second, Petitioner alleges that his guilty plea was involuntary based on his mental health issues and a failure to investigate. Third, Petitioner alleges that he was denied due process when he was convicted of murder when he was mentally incompetent.

The Magistrate Judge evaluated grounds one and three in conjunction, noting that both grounds concern Petitioner's competency to plead guilty. In considering these claims, the Magistrate Judge carefully reviewed the testimony presented at the PCR hearing. (*See* ECF No. 41 at 20-24.) Ultimately, the Magistrate Judge found that "the evidence presented at the hearing supports the PCR court's finding that Petitioner did not present any evidence to support a finding that he was incompetent at the time of the plea," and that "the record also supports the PCR court's finding that Petitioner failed to show his counsel was ineffective for failing to order a supplemental evaluation as Petitioner did not produce any evidence that a subsequent evaluation would have resulted in a finding that Petitioner was incompetent." (ECF No. 41 at 24-25.) According to the Magistrate Judge, the state court did not unreasonably apply *Strickland*, and Petitioner failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination given the evidence before it. (*Id.* at 25.) As such, the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment as to grounds one and three of Petitioner's § 2254 petition.

Next, the Magistrate Judge considered the merits of ground two of the petition, wherein Petitioner alleges that his guilty plea was involuntary because his counsel failed

to investigate. The Magistrate Judge noted that, in his response to the motion for summary judgment, Petitioner asserts for the first time that counsel induced him to plead guilty with threats of the death penalty or life in prison. (ECF No. 41 at 26 (citing ECF No. 35 at 10).) The Magistrate Judge again carefully reviewed the testimony presented at the PCR hearing as well as the PCR court's findings as to Petitioner's claim that counsel failed to adequately investigate his case, including the PCR court's finding that counsel's testimony was more credible than Petitioner's testimony. The Magistrate Judge noted that the PCR court found that Petitioner failed to meet his burden of proof to show that his guilty plea was involuntary based on a lack of competency, and the Magistrate Judge found that the PCR court's decision is supported by the record. (*Id.* at 26-29.) The Magistrate Judge stated:

> The PCR court's decision denying Petitioner's alleged lack of capacity claim is supported by the record in this case. The undersigned first finds that Petitioner's claim that his counsel coerced him into entering a plea with threats of the death penalty was not raised to the PCR or South Carolina appellate courts, and is therefore, procedurally barred. [ ] The undersigned also finds the PCR court's decision is fully supported by the record including the guilty plea transcript, the PCR transcript, and the mental health evaluations performed by Drs. Watson and Maddox who found Petitioner had the mental capacity to plea[d guilty]. The doctors' determinations are entitled to deference as Petitioner has failed to come forward with any clear and convincing evidence that on the day he pled guilty he was not competent.

(*Id.* at 29 (internal citations omitted).) Accordingly, the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment as to ground two of Petitioner's § 2254 petition.

V.      **Petitioner's Objections**

In his objections, Petitioner first asserts that the Magistrate Judge "erroneously reached multifaceted conclusions," and he objects to the Magistrate Judge's findings "because the PCR Court improperly relied on Dr. Watson's evaluation of Petitioner because

9

that evaluation focused on whether Petitioner was incompetent at the time of the crime, not at the plea." (ECF No. 46 at 1-2.) Next, Petitioner asserts that the Magistrate Judge did not address the merits of his claim that he was incompetent at the time of his plea, "simply because the issue wasn't raised at PCR and Petitioner did not present any evidence." (*Id.* at 2.) Petitioner then cites *Martinez* in support of his assertion that "[t]he Magistrate Judge erred in failing to address this matter and excuse the procedural default." (*Id.* at 3.) As a third objection, Petitioner asserts that the Magistrate Judge erred "in failing to address the merits of Petitioner's claim that he was threatened with the death penalty." (*Id.*) And as a fourth and final objection, Petitioner asserts that the Magistrate Judge erred in recommending that the Court grant summary judgment. (*Id.*)

After *de novo* review, the Court finds no merit to any of Petitioner's objections. First, the Court finds that Magistrate Judge did not err by reaching "multifaceted conclusions." Instead, the Court notes that the Magistrate Judge thoroughly and carefully reviewed the record and the PCR court's findings and correctly applied the applicable law. As to Petitioner's claim that he was incompetent to plead guilty (as set forth in grounds one and three of his petition), the Court finds no error in the Magistrate Judge's analysis and fully agrees with the Magistrate Judge that the PCR court's findings are supported by the record and are not contrary to clearly established Federal law; nor do the PCR court's findings involve an unreasonable application of clearly established Federal law or an unreasonable determination of the facts. Furthermore, the Court finds no merit to Petitioner's assertion that the Magistrate Judge did not address the merits of his claim that he was incompetent at the time of his plea. To the contrary, as set forth above, the Magistrate Judge clearly addressed the merits of this claim in her Report. (*See* ECF No. 41 at 20-25.) As the

10

Magistrate Judge properly explained, the evidence presented at the PCR court hearing supports the PCR court's findings that Petitioner did not present evidence to support a finding that he was incompetent at the time of his guilty plea. The record also supports the PCR Court's finding that Petitioner failed to show that his counsel was ineffective for failing to order a supplemental evaluation, as Petitioner did not show that a subsequent evaluation would have resulted in a finding of incompetency. In all, the Court finds that the PCR court did not unreasonably apply *Strickland*; nor was the PCR court's determination of the facts unreasonable given the evidence and record before it.

Furthermore, as to Petitioner's assertion that the Magistrate Judge erred in failing to address the merits of his claim that he was threatened with the death penalty, the Court finds Petitioner's objection unavailing. Indeed, after *de novo* review, the Court fully agrees with the Magistrate Judge that Petitioner's claim that his counsel induced him to plead guilty with threats of the death penalty was not raised to the PCR court or the South Carolina appellate court.[2] Therefore, it is procedurally barred.

Likewise, the Court is not persuaded by Petitioner's objection that the Magistrate Judge erred in recommending that the Court grant Respondent's motion for summary judgment. In his objections, Petitioner asserts that he has two freestanding claims that should survive summary judgment in light of *Martinez v. Ryan*, 566 U.S. 1 (2012), but the Court finds no merit to this argument.

In all, the Court finds no error in the Magistrate Judge's analysis of Petitioner's

---

[2] In fact, Petitioner does not even raise this claim in his petition. (ECF No. 1.) Rather, the first time it appears is in his response to Respondent's motion, but a petitioner may not raise a new ground for relief by way of a response to a motion for summary judgment.

11

claims, and the Court fully agrees with the Magistrate Judge's findings and recommendations. As the Magistrate Judge properly concluded, the PCR court's findings as to Petitioner's claim that he lacked capacity to plead guilty (whether presented as an ineffective assistance claim or a due process claim) are supported by the record and do not warrant relief under 28 U.S.C. § 2254(d). Additionally, the Court agrees with the Magistrate Judge that Petitioner's claim that counsel induced him to plead guilty with threats of the death penalty is procedurally barred, and Petitioner has not demonstrated cause and prejudice, or that a miscarriage of justice would occur, in order to excuse the procedural bar. As to Petitioner's claim that counsel was ineffective for failing to investigate, the Court finds the PCR court's findings fully supported by the record. Likewise, as to Petitioner's claim that his guilty plea was involuntary because he was incompetent, the Court finds no error in the PCR court's analysis.

## **CONCLUSION**

Based on the foregoing, the Court overrules Petitioner's objections (ECF No. 46); the Court adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 41); the Court grants Respondent's motion for summary judgment (ECF No. 28); and the Court denies Petitioner's § 2254 petition.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2026
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  **Therefore, a certificate of appealability is denied.**